IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL DOCKET NO.: 5:06-CV104

| | |
|---|---|
| MICHAEL GAMBLE, AND<br>DANA LEANNE GAMBLE, wife<br><br>    Plaintiffs,<br><br>vs.<br><br>Officer C. Barnette, individually, and in his<br>Official capacity as City of Statesville<br>Police Officer, Steven G. Hampton,<br>Individually, and in his official capacity as<br>The Chief of Police for the City of<br>Statesville, the City of Statesville, a<br>Municipality, Robert Hites, individually,<br>And in his official capacity as Town<br>Manager for the City of Statesville, and<br>Constantine Kutteh, individually and in his<br>Official capacity as Mayor of the City of<br>Statesville, and or their predecessors and<br>Successors in interest.<br><br>    Defendants. | **ORDER** |

**THIS MATTER** comes before the Court on the following motions and memoranda: Defendants' Motion To Dismiss, and Defendants' Brief in Support of Motion to Dismiss, both filed August 28, 2006 (Documents #3, #4); Plaintiffs' Brief in Opposition to Defendants' Motion to Dismiss, filed October 18, 2006 (Document #10); and Defendants' Reply Brief to Plaintiffs' Responsive Brief in Opposition to Defendants' Motion to Dismiss, filed October 26, 2006 (Document #11). This matter is now ripe for disposition by the Court.

Having carefully considered the arguments of the parties, the record, and the

applicable authority, this Court will grant in part and deny in part Defendants' Motion to Dismiss.

**I. Procedural History**

On August 23, 2006, Plaintiffs Michael Gamble and Dana Leanne Gamble filed a complaint in the Iredell County Superior Court against Defendant Officer C. Barnette, individually, and in his official capacity as City of Statesville Police Officer, Defendant Steven G. Hampton, individually, and in his official capacity as the Chief of Police for the City of Statesville, the City of Statesville, a municipality, Defendant Robert Hites, individually, and in his official capacity as Town Manager for the City of Statesville, Defendant Constantine Kutteh, individually and in his official capacity as Mayor of the City of Statesville, and or their predecessors and successors in interest, alleging claims for: (1) assault and battery by all Defendants; (2) negligent training by all Defendants; (3) negligent retention and supervision by all Defendants; (4) violation of civil rights by all Defendants; (5) negligent infliction of emotional distress by all Defendants; (6) intentional infliction of emotional distress by all Defendants; and (7) loss of consortium by all Defendants. (Compl. ¶¶ 29-87). On August 23, 2006, Defendants removed the action to this court. On August 28, 2006, Defendants filed a Motion to Dismiss all claims against the Defendants pursuant to Federal Rules of Civil Procedure 12(b)(6).

**II. Statement of Facts**

With respect to Defendants' Motion to Dismiss, the Court accepts the following facts stated in Plaintiffs' Complaint as true. See Darcangelo v. Verizon Commc'ns, Inc., 292 F.3d 181, 189 (4th Cir. 2002) (remarking that "at the motion to dismiss stage, the

court must accept the allegations of the complaint as true and view the complaint in the light most favorable to the plaintiff").

On or about July 17, 2003, Michael Gamble (Gamble) drove his vehicle from work to Statesville, North Carolina. (Compl. ¶ 9). Upon arriving in Statesville, Gamble backed his vehicle into the driveway of his sister's residence on 7th Street. (Id. ¶ 10). At that time Gamble was rapidly approached by Officer C. Barnette (Barnette) of the Statesville Police Department and without any statement, notice, or warning to Gamble, Barnette jumped out of his patrol car and forcefully pulled Gamble out of his vehicle, inflicting pain upon Gamble. (Id. ¶¶ 2, 10, 15). Gamble was placed in handcuffs. (Id. 12). He queried Barnette as to why he was placed in handcuffs. (Id.). Barnette refused to inform Gamble why he was placed in handcuffs. (Id. ¶ 13).

Barnette did not request any documents or identification from Gamble that stated his name or identification. (Id. ¶ 19). At no time did Gamble consent to any of Barnette's actions. (Id. ¶ 20). Following the encounter with Barnette, Gamble sustained injuries resulting in permanent disabilities to his person. (Id. ¶¶ 22, 23).

### III. Discussion

Defendants now move to dismiss all of Plaintiffs' claims against them for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**A. Standard of Review**

"The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of a complaint." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999) (quoting

Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). "In assessing a Rule 12(b)(6) issue, we accept as true the factual allegations of the challenged complaint, and we view those allegations in the light most favorable to the plaintiff." Lambeth v. Board Of Commissioners Of Davidson County, NC, 407 F.3d 266, 268 (4th Cir. 2005). However, in considering a 12(b)(6) dismissal, the court is not bound to the legal conclusions alleged in the complaint. United Mine Workers of America, Inc. v. Wellmore Coal Corp., 609 F.2d 1083, 1085 (4th Cir.1979). Such factual allegations "must be stated in terms that are neither vague nor conclusory." Estate Const. Co. v. Miller & Smith Holding Co., Inc., 14 F.3d 213, 221 (4th Cir.1994). A motion to dismiss for failure to state a claim upon which relief may be granted should be allowed if, after reviewing the well-pleaded allegations as true and in the light most favorable to the plaintiff, "it appears certain that the plaintiff can prove no set of facts which would support his claim and entitle him to relief." Greenhouse v. MCG Capital Corp., 392 F.3d 650, 655 (4th Cir. 2004) (quoting Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993)).

**B. Plaintiffs' Claims Against the City of Statesville**

A municipality may be liable for the actions of its employees only when the action causing the harm is representative of the official policy of the municipality. Berkley v. Common Council of City of Charleston, 63 F.3d 295, 296 (4th Cir. 1995). "Under the doctrine of governmental immunity, a municipality is immune from a suit for torts committed by officers or employees while performing a governmental function." Reid v. Town of Madison, 137 N.C.App. 168, 170, 527 S.E.2d 87, 89 (2000). See also McCoy

v. Coker, 174 N.C.App. 311, 313, 620 S.E.2d 691, 693 (2005). Furthermore, under the theory of respondeat superior, "a municipality cannot be held liable solely because it employs a tortfeasor." Monell v. Dep't of Soc. Services of City of New York, 436 U.S. 658, 690 (1978). Although a city can waive its governmental immunity through the purchase of liability insurance, if a plaintiff does not "allege a waiver of immunity by the purchase of insurance, the plaintiff has failed to state a claim against the governmental unit." Reid, 137 N.C.App. at 170, 527 S.E.2d at 89. See N.C. Gen. Stat. §153A-435(a) (2004).

Plaintiffs have failed to plead specific facts which support the legal conclusions Plaintiffs assert against the City of Statesville, or which override the City of Statesville's immunities. Therefore, all causes of action alleged by Plaintiffs against the City of Statesville are hereby dismissed.

**C.    Plaintiffs' Claims Against Statesville Defendants and Officer Barnette in their Official Capacities[1]**

"The Eleventh Amendment prohibits the recovery of monetary damages from state officials sued in their official capacities." Biggs v. Meadows, 66 F.3d 56, 58-59 (4th Cir. 1995); Ballenger v. Owens, 352 F.3d 842, 844-845 (4th Cir. 2003); Kentucky v. Graham, 473 U.S. 159, 160 (1985). When a municipal employee is sued in his official capacity a proper claim should be directed toward the individual office the employee holds rather than the individual employee who holds the municipal office. Graham, 473

---

[1] Statesville Defendants include: Steven G. Hampton, Robert Hites, and Constantine Kutteh.

U.S. at 160.  Consequently, a suit against a government entity which names individuals in their official capacities rather than the individual office is redundant.  Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997).  See also McCoy 174 N.C.App. at 318, 620 S.E.2d at 696.

Plaintiffs have failed to demonstrate that their official capacity claims against the Statesville Defendants and Officer Barnette are not merely duplicative of their claims against the Statesville Defendants and Officer Barnette as individuals.  Furthermore, Plaintiffs have not alleged sufficient facts to override the Eleventh Amendment protections afforded to the Statesville Defendants and Officer Barnette in their official capacities.  Accordingly, Plaintiffs' claims against the Statesville Defendants and Officer Barnette in their official capacities are dismissed.

**D.     Plaintiffs' Claims against Statesville Defendants in their Individual Capacities**

When a municipal employee is sued in his individual capacity, the doctrine of qualified immunity protects such an employee from civil damages arising from a section 1983 action if the employee's conduct has not violated "statutory or constitutional rights of which a reasonable person would have known."  Edwards v. City of Goldsboro, 178 F.3d 231, 250 (4th Cir. 1999) (quoting Harlow v. Firzgerald, 457 U.S. 800, 818 (1982)).  See also Miller v. Prince George's County, 475 F.3d 621 (4th Cir. 2007).  Furthermore, qualified immunity grants local officials immunity from suit as long as their actions were done in good faith or within the scope of their official governmental duties.  Bennett v. Gravelle, 323 F.Supp. 203, 212-213 (4th Cir. 1971).  When municipal employees are sued for actions in their individual capacity, and those employees "have a qualified

immunity defense, the plaintiff must present facts sufficient to overcome this qualified immunity." May v. City of Durham, 136 N.C.App. 578, 585, 525 S.E.2d 223, 229 (N.C.App. 2000).

Plaintiffs have not plead sufficient facts to overcome Statesville Defendants' privilege of qualified immunity. Plaintiffs allege that the Defendants' conduct at issue directly resulted in assault and battery, negligent training, negligent retention and supervision, a violation of civil rights, negligent infliction of emotional distress, intentional infliction of emotional distress, and loss of consortium. (Compl. ¶¶ 29-87). For the purposes of a 12(b)(6) motion, the court is not required to "accept as true the legal conclusions set forth in a plaintiff's complaint." Edwards, 178 F.3d at 244. Section 1983 claims which state legal conclusions "wholly devoid of facts or that are not supported by specific facts pleaded," may be dismissed. Revene v. Charles County Com'rs, 882 F.2d 870, 873 (4th Cir. 1989) (citations omitted). Accordingly, having failed to include specific facts which support the legal conclusions asserted by Plaintiffs' against the Statesville Defendants, or which override the Statesville Defendants' immunities, all causes of action alleged by Plaintiffs against the Statesville Defendants are hereby dismissed.

E. **Plaintiffs' Claims Against Officer Barnette in His Individual Capacity**

All of Plaintiffs' remaining claims are asserted against Defendant Officer Barnette, as an individual. The Court will address each of these claims separately.

**I. Assault and Battery:** Plaintiff Michael Gamble alleges that Defendant Officer Barnette committed an unwarranted and unprovoked touching against him that resulted

in severe bodily injuries. (Compl. ¶¶ 30, 32). "An assault is an offer to show violence to another without striking him, and a battery is the carrying of the threat into effect by the infliction of a blow." Glenn-Robinson v. Acker, 140 N.C.App. 606, 625, 538 S.E.2d 601, 615 (2000) (quoting Dickens v. Puryear, 302 N.C. 437, 444, 276 S.E.2d 325, 330 (1981)). To determine whether Officer Barnette had probable cause to commit an unwarranted and unprovoked touching (pulling the Plaintiff out of his car), an examination of the particular situation confronting the officer at the time of the incident must be considered. McLenagan v. Karnes, 27 F.3d 1002, 1007 (4th Cir. 1994). In this case, the test is whether or not a reasonable officer possessing the same information Officer Barnette possessed would have acted in a similar manner given the circumstances. Id.

Law enforcement officers possess reasonable discretion in judging the necessary force that may be required in a given situation. Myrick v. Cooley, 91 N.C.App. 209, 215, 371 S.E.2d 492, 496 (1988) (quoting Todd v. Creech, 23 N.C.App. 537, 539, 209 S.E.2d 293, 295 (1974)). "[W]hen there is substantial evidence of unusual force, it is for the jury to decide whether the officer acted as a reasonable and prudent person or whether he acted arbitrarily and maliciously." Myrick, 91 N.C.App. at 215, 371 S.E.2d at 496.

Plaintiff Michael Gamble alleges that Officer Barnette "forcefully pull[ed]" him out of his vehicle and placed handcuffs on him "without notice or warning," without his consent, and without his having committed "any wrongdoing." (Compl. ¶¶ 10, 11, 14, 15, 18, 20). Viewing the facts to support claims of assault and battery against Officer Barnette in his individual capacity. Therefore, the Defendants' Motion to Dismiss Count I against Officer Barnette in his individual capacity is hereby denied.

**II. Negligent Training and Negligent Retention and Supervision:** Plaintiffs assert separate claims against Officer Barnette for negligent training, and negligent retention and supervision.² North Carolina courts recognize claims for negligent training and negligent retention and supervision. However, an essential element of such claims requires the defendant to be an employer or have supervisory duties over other employees. See Floyd v. McGill, 156 N.C.App. 29, 35, 575 S.E.2d 789, 793-794 (2003) (recognizing claim for negligent training); Braswell v. Braswell, 330 N.C. 363, 373, 410 S.E.2d 897, 903 (1991); Medlin v. Bass, 327 N.C. 587, 590-591, 398 S.E.2d 460, 462 (1990) (recognizing claim for negligent retention and supervision). Plaintiffs have not alleged that Officer Barnette was an employer or had supervisory duties over other employees, and have not otherwise plead sufficient facts to support claims of negligent training or negligent retention and supervision against Officer Barnette. Accordingly, Defendants' Motion to Dismiss Counts II and III against Officer Barnette in his individual capacity is hereby granted.

**III. Violation of Civil Rights:** Plaintiffs allege that Officer Barnette committed an unwanted search and seizure, applied excessive force, and committed false imprisonment in a wanton, willful, and intentional manner. (Compl. ¶¶ 56, 58). "The Federal Civil Rights Act, 42 U.S.C. Sec. 1983, imposes civil liability for a deprivation,

---

²Plaintiffs' claims for negligent training, and negligent retention and supervision appear to be primarily directed at Officer Barnette's employers, supervisors, and the Statesville Defendants, not Officer Barnette himself. (Compl. ¶¶ 37-54). Despite Plaintiffs' apparent intent to focus said claims on the Statesville Defendants, Plaintiffs' plead their claims against all Defendants without limitation. (Id.) Therefore, the Court will construe Plaintiffs' negligent training and negligent retention and supervision claims as claims against Officer Barnette.

under color of state law, of rights secured by the Constitution and laws of the United States. An arrest made in violation of the Fourth Amendment protection against unreasonable seizures of the person will give rise to a cause of action under Section 1983." Myrick v. Cooley, 91 N.C.App. 209, 212, 371 S.E.2d 492, 494 (1988). The Court will examine the sufficiency of each of the allegations Plaintiffs assert in Count IV separately.

  **a. Unwarranted Search and Seizure:** N.C. Gen.Stat. § 15A-401(e)(1)(c) states, "a law-enforcement officer may enter private premises or a vehicle to effect an arrest when...the officer has given, or made reasonable effort to give, notice of his authority and purpose to an occupant thereof, unless there is reasonable cause to believe that the giving of such notice would present a clear danger to human life." The Fourth Amendment prohibits only unreasonable searches and seizures. Figg v. Schroeder, 312 F.3d 625, 636 (4th Cir. 2002) (quoting U.S. v. Montoya de Hernandez, 473 U.S. 531, 537 (1985)). "[W]hat constitutes a reasonable seizure 'depends on all of the circumstances surrounding the ... seizure itself.'" Figg, 312 F.3d at 636. "The primary purpose of the Fourth Amendment is to prevent arbitrary and oppressive interference by enforcement officials with the privacy and personal security of individuals." U.S. v. Weaver, 282 F.3d 302, 309 (4th Cir. 2002). "To be constitutional, a search must be reasonable, and when law enforcement officials are searching for evidence of a crime, reasonableness requires probable cause and a warrant unless one of the exceptions to the warrant requirement applies." Doe v. Broderick, 225 F.3d 440, 451 (4th Cir. 2000).

  Plaintiff Michael Gamble alleges that Officer Barnette handcuffed him without notice or warning, and without his consent. (Compl. ¶¶ 10, 11, 20). Plaintiff also

alleges that Officer Barnette placed the handcuffs on him despite his contention that he was "totally innocent of any wrongdoing," and that Officer Barnette refused to inform him of the reasons for his arrest. (Compl. ¶¶ 12, 14). Viewing the facts in the light most favorable to the Plaintiffs, the Court finds that Plaintiffs have plead sufficient facts to support a Section 1983 claim based on unwarranted search and seizure against Officer Barnette in his individual capacity.

**b. False Imprisonment:** False imprisonment, as "used in N.C. Gen. Stat. § 1-54(3), has been defined as 'the illegal restraint of the person of any one against his will.'" Fowler v. Valencourt, 334 N.C. 345, 348, 435 S.E.2d 530, 532 (N.C.1983) (quoting State v. Lunsford, 81 N.C. 528, 530 (1879)). "Under state law, a cause of action in tort will lie for false imprisonment, based upon the 'illegal restraint of one's person against his will.'" Myrick v. Cooley, 91 N.C.App. 209, 212, 371 S.E.2d 492, 494 (1988) (quoting Mobley v. Broome, 248 N.C. 54, 56, 102 S.E.2d 407, 409 (1958)). When a police officer effects an arrest without probable cause or violates an individual's clearly established rights, such actions are in violation of the officer's duty and result in false imprisonment. Bailey v. Kennedy, 349 F.3d 731, 742 (4th Cir. 2003).

Plaintiff Michael Gamble alleges that Officer Barnette placed him in handcuffs without notice or warning, and without his consent. (Compl. ¶¶ 10, 11, 20). Plaintiff also alleges that Officer Barnette placed the handcuffs on him despite his contention that he was "totally innocent of any wrongdoing," and that he "never at any time attempted to flee or physically resist arrest." (Compl. ¶¶ 12, 14). Viewing the facts in the light most favorable to the Plaintiffs, the Court finds that Plaintiffs have plead sufficient facts to support a Section 1983 claim based on false imprisonment against

Officer Barnette in his individual capacity.

     **c. Excessive Force:** "A claim that a police officer used excessive force during an arrest is analyzed under an objective reasonableness standard. An officer's actions are not excessive if they 'are objectively reasonable in light of the facts and circumstances confronting [him], without regard to [his] underlying intent or motivation.'" Carr v. Deeds, 453 F.3d 593, 600 (4th Cir. 2006) (quoting Graham v. Connor, 490 U.S. 386, 397 (1989)). For an excessive force claim to succeed, Plaintiff must demonstrate that Officer Barnette inflicted unnecessary and wanton pain and suffering upon the Plaintiff. Id. at 605. "Whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" Whitley v. Albers, 475 U.S. 312, 321 (1986) (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973)). Furthermore, an individual's actions are willful when the injury is "actual knowledge of the danger combined with a design, purpose, or intent to do wrong and inflict injury." Howard v. Jackson, 120 N.C.App. 243, 246, 461 S.E.2d 793, 797 (1995). "A wanton act is performed intentionally with a reckless indifference to the injuries likely to result." Id.

     Plaintiff Michael Gamble alleges that Officer Barnette "aggressively pull[ed]" him out of his car without notice or warning. (Compl. ¶¶ 10, 11). Plaintiff also alleges that despite his "peaceful protest," Officer Barnette "forcefully pulled [him] out of his vehicle" inflicting pain upon the Plaintiff. (Compl. ¶¶ 15). Such actions resulted in permanent disabilities and serious injuries to his left arm, back and neck. (Compl. ¶¶ 21). Viewing

the facts in the light most favorable to the Plaintiffs, the Court finds that Plaintiffs have plead sufficient facts to support a Section 1983 claim based on excessive force against Officer Barnette in his individual capacity.

Accordingly, the Court finds Plaintiffs' pleadings sufficient to sustain Plaintiffs' Section 1983 claim in its entirety against Officer Barnette in his individual capacity. Therefore, the Defendants' Motion to Dismiss Count IV against Officer Barnette in his individual capacity is hereby <u>denied</u>.

**IV. Negligent Infliction of Emotional Distress:** Plaintiff Michael Gamble alleges that Officer Barnette's actions during his confrontation with Plaintiff were negligent actions which resulted in Plaintiff suffering severe emotional and mental distress. (Compl. ¶¶ 67, 68, 70). An action for negligent infliction of emotional distress has three elements: (1) defendant engaged in negligent conduct; (2) such conduct was reasonably foreseeable to cause the plaintiff severe emotional distress; and (3) defendant's conduct, in fact, caused plaintiffs severe emotional distress. <u>Acosta v. Byrum</u>, 638 S.E.2d 246, 250-51 (N.C. App. 2006)

Plaintiff alleges that Officer Barnette committed several negligent acts which were the actual and proximate cause of severe emotional distress to him. (Compl. ¶¶ 67-72). Viewing the facts in the light most favorable to the Plaintiffs, the Court finds that Plaintiffs have plead sufficient facts to support a claim of negligent infliction of emotional distress against Officer Barnette in his individual capacity. Accordingly, the Defendants' Motion to Dismiss Count V against Officer Barnette in his individual capacity is hereby <u>denied</u>.

**V. Intentional Infliction of Emotional Distress:** Plaintiff Michael Gamble

alleges that Officer Barnette's actions during his confrontation with Plaintiff were intentional actions which resulted in Plaintiff suffering severe emotional and mental distress. (Compl.¶¶ 75-79). The essential elements of an intentional infliction of emotional distress are: "(1) extreme and outrageous conduct, (2) which is intended to cause and does cause (3) severe emotional distress." Jolly v. Academy Collection Service, Inc., 400 F.Supp.2d. 851, 866, (M.D.N.C. 2005). Conduct is extreme and outrageous when it is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Johnson v. Colonial Life & Acc. Ins. Co., 173 N.C.App. 365, 373, 618 S.E.2d 867, 873 (2005) (quoting Guthrie v. Conroy, 152 N.C.App. 15, 22, 567 S.E.2d 403, 408-09 (2002)). "The determination of whether the conduct is extreme and outrageous is a question of law for the court." Jolly, 400 F.Supp.2d at 866.

Plaintiffs allege that Officer Barnette intentionally caused Plaintiff Michael Gamble emotional distress when Officer Barnette handcuffed Plaintiff and arrested him without probable cause. (Compl. ¶ 75). Viewing the facts in the light most favorable to the Plaintiffs, the Court finds that Plaintiffs have plead sufficient facts to support a claim of intentional infliction of emotional distress against Officer Barnette in his individual capacity. Accordingly, the Defendants' Motion to Dismiss Count VI against Officer Barnette in his individual capacity is hereby denied.

**VI. Loss of Consortium:** Plaintiffs allege that as a result of the injuries and severe emotional distress suffered by Plaintiff Michael Gamble, his wife, Plaintiff Dana Gamble, has been deprived of consortium. (Compl. ¶¶ 83-84). "A spouse may maintain

a cause of action for loss of consortium due to the negligent actions of third parties so long as that action for loss of consortium is joined with any suit the other spouse may have instituted to recover for his or her personal injuries." Floyd v. McGill, 156 N.C.App. 29, 34, 575 S.E.2d 789, 793 (2003) (quoting Nicholson v. Hospital, 300 N.C. 295, 304, 266 S.E.2d 818, 823 (1980)). Claims for loss of consortium allege that, "as a result of defendant's causing personal injuries to someone, secondary injuries were also caused to other persons because of their relationship to the one originally injured." Whitlock v. Duke University, 637 F.Supp. 1463, 1474 (M.D.N.C. 1986).

Accordingly, a claim for the loss of consortium relies on a finding that Officer Barnette is responsible for the injuries to Plaintiff Michael Gamble. Plaintiffs have alleged that Officer Barnette negligently and intentionally caused severe injuries to Plaintiff Michael Gamble, which in turn deprived his wife, Plaintiff Dana Gamble, of consortium. (Compl. ¶¶ 81-84). Plaintiffs also allege that Plaintiff Dana Gamble lost employment due to the injuries suffered by Plaintiff Michael Gamble. (Compl. ¶ 85). Viewing the facts in the light most favorable to the Plaintiffs, the Court finds that Plaintiffs have plead sufficient facts to support a claim of loss of consortium against Officer Barnette in his individual capacity. Therefore, Defendants' Motion to Dismiss Count VII against Officer Barnette in his individual capacity is hereby denied.

### IV. Conclusion

**IT IS THEREFORE ORDERED** that Defendants' "Motion to Dismiss" all of Plaintiffs' claims against the City of Statesville, a municipality, is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants' "Motion to Dismiss" all of Plaintiffs' claims against Steven G. Hampton, individually, and in his official capacity as the Chief of

Police for the City of Statesville, Robert Hites, individually, and in his official capacity as Town Manager for the City of Statesville, and Constantine Kutteh, individually and in his official capacity as Mayor of the City of Statesville is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' "Motion to Dismiss" all of Plaintiffs' claims against Officer Barnette in his official capacity is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' "Motion to Dismiss" Plaintiffs' claims of negligent training, and negligent retention and supervision against Officer Barnette in his individual capacity is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' "Motion to Dismiss" Plaintiffs' claims of assault and battery, violation of civil rights, negligent infliction of emotional distress, intentional infliction of emotional distress, and loss of consortium against Officer Barnette in his individual capacity is **DENIED**.

Signed: July 3, 2007

*Richard L. Voorhees*
Richard L. Voorhees
United States District Judge