# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:06cv104

| | |
|---|---|
| MICHAEL GAMBLE; and DANA LEANNE GAMBLE, wife, ) ) ) **Plaintiffs,** ) ) Vs. ) ) OFFICER C. BARNETTE, individually, ) and in his official capacity as City of ) Statesville Police Officer, ) ) **Defendant.** ) ) | **ORDER** |

**THIS MATTER** is before the court on defendant's Motion to Compel and Amended Motion to Compel. Plaintiffs' response to the original motion was due to be filed November 26, 2007, and their response to the amended motion was due December 26, 2007. The court has not considered such lack of response, however, inasmuch as the amended motion will be deemed to be a Reply.

In what the court deems to be plaintiffs' response, on November 19, 2007, plaintiffs filed as one docket entry two documents. Docket Entry 17. The first document is captioned "Plaintiff's Disclosures Pursuant to Rule 26" and the second document is captioned "Plaintiff's Responses to Defendant's Motion to Compel." Id. The first document appears to be Rule 26 initial disclosures. The second document simply provides that "[t]he Plaintiff herein submits to this Court that the Plaintiff has on this day served upon the Defendant, its responses to Defendants' [sic] Motion to Compel." Id., at 4. The court was not, however, provided with a copy of plaintiffs'

-1-

"responses."

The pleadings in this matter reveal several fundamental misunderstandings of motions practice in federal court. The undersigned will attempt to discuss these problems.

First, by filing without explanation their Rule 26 disclosures, plaintiffs have violated Local Civil Rule 26.2, which provides in relevant part as follows:

> **LCvR 26.2     DISCOVERY MATERIAL NOT TO BE FILED UNLESS ORDERED OR NEEDED.**
> <u>The parties shall not file any initial disclosures</u>, designations of expert witnesses and their reports, discovery requests or responses thereto, deposition transcripts, or other discovery material unless: (1) directed to do so by the Court; (2) such materials are necessary for use in an in-court proceeding; or (3) such materials are filed in support of, or in opposition to, a motion or petition.
> Materials filed in support of, or in opposition to, a motion or petition shall be appropriately labeled as an "Appendix" or "Attachment" thereto and shall be limited to those portions of the material directly necessary to support the motion or petition.
> \* \* \*

LCvR 26.2 (W.D.N.C. 2008)(emphasis added). If it is plaintiffs' contention that they fully provided initial disclosures, plaintiffs' proper response would have been in the form of a *responsive brief* (<u>see</u> LCvR 7.1) in which plaintiffs could have argued that they fully provided such materials within the time required by the Federal Rules of Civil Procedure. It would have been permissible to attach a copy of the disclosures, accompanied by an affidavit from counsel, indicating when such were served on

opposing counsel. As it now appears from the pleadings, the initial disclosures were made November 19, 2007, which is patently untimely.

Second, the court has also considered the additional document filed within Docket Entry 17, one in which plaintiffs make the one line argument that they "served upon the Defendant, its [*sic*] responses to Defendants' [*sic*] Motion to Compel." Docket Entry 17, at 4. Reading such argument in a light most favorable to plaintiffs, the court assumes that in response to the Motion to Compel, plaintiffs served additional materials or provided better answers. A Motion to Compel is a "request for a court order ...," Fed.R.Civ.P. 7(b)(1), which seeks an Order from the court compelling a party to do a specific act, which is to fully provide initial disclosures and answers to discovery requests. Fed.R.Civ.P. 26 & 37. While parties are certainly welcome to negotiate with the party seeking to compel production, and in such context make a tender, it is insufficient for purposes of a responsive pleading for a party to simply inform the court that it has made a tender of discovery material to the moving party. As Local Civil Rule 7.1(E) anticipates, the court fully expects that plaintiffs will file some substantive response indicating why the relief sought should or should not be allowed.

Third, rather than file a reply to plaintiffs' response, defendant filed an Amended Motion to Compel. While parties may file whatever motions they believe are appropriate, such an amended motion is not appropriate where it is filed in lieu of a reply to a response. The filing of a new motion restarts the process of responses and replies, which was not necessary in this case. The court has, therefore, deemed

the amended motion to be defendant's Reply.

While the court was not made privy to plaintiffs' "responses," defendant has annexed the tendered materials to its reply and has shown that such tender was not fully responsive to the Motion to Compel, the underlying discovery requests, or the initial disclosure requirements. In paragraphs 26 and then in a second paragraph 10,[1] defendant explains in some detail how plaintiffs' response does not cure the problems outlined in the Motion to Compel.

Inasmuch as plaintiffs have not properly responded to the Motion to Compel, and defendant having shown that plaintiffs have not provided complete disclosures or complete answers or full productions responsive to his discovery requests, plaintiffs will be compelled to fully disclose and provide complete production and answers to defendant's discovery requests. As required by Rule 37(a)(5), Fed.R.Civ.P., plaintiffs shall pay defendant's reasonable expenses and fees in bringing such motion after being afforded an opportunity to be heard at the conclusion of trial in this matter.

* * *

While the court is not in the business of advising attorneys as to how they should practice, respective counsel may wish to carefully review and reflect upon the caliber of their respective submissions in this matter.

---

[1] Defendant's amended motion contains a number of problems, including the numbering of paragraphs. At page three, the pleading jumps from paragraph 11 to paragraph 26, and paragraph 26 is followed by a second paragraph 10 at page 4.

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1) defendant's Motion to Compel (#15) is **ALLOWED;**

(2) defendant's Amended Motion to Compel (#18) is **DENIED** as improvidently filed and the substance is **DEEMED** to be defendant's Reply;

(3) plaintiffs are **COMPELLED** to provide defendant with full initial disclosures and fully produce materials and otherwise answer **ALL** of defendant's discovery requests within **10 days** of receipt of this Order; and

(4) plaintiffs shall, after being afforded an opportunity to be heard after trial, pay defendants reasonable expenses and fees in maintaining such motion.

Signed: January 7, 2008

Dennis L. Howell
United States Magistrate Judge